

FILED
APR 06 2011

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 11-40037 |
| Plaintiff, | INDICTMENT |
| vs. | Concealing Person From Arrest; Accessory After the Fact to Failure to Appear |
| THEODORE J. NELSON, JR., a/k/a "TED" NELSON, | |
| Defendant. | 18 U.S.C. § 1071; 18 U.S.C. §§ 3, 3146(a)(1) |

The Grand Jury charges:

COUNT ONE
(Concealing Person From Arrest)

From on or about August 23, 2010, and continuing through and including on or about December 22, 2010, all dates approximate and inclusive, in the District of South Dakota and elsewhere, Theodore "Ted" Nelson harbored and concealed a person, namely Thomas R. Kelley, for whose arrest a warrant and process had been issued under the provisions of the law of the United States, and he did so to prevent Kelley's discovery and arrest, after notice and knowledge of the fact that a warrant and process had been issued for Kelley's apprehension following Kelley's convictions for various federal offenses in case number CR08-40173, entitled United States v. Thomas R. Kelley, in violation of 18 U.S.C. § 1071.

COUNT TWO
(Accessory After the Fact to Failure to Appear)

From on or about August 23, 2010, and continuing through and including on or about December 22, 2010, all dates approximate and inclusive, in the District of South Dakota and elsewhere, Theodore "Ted" Nelson knew that an offense against the United States had been committed, and he received, relieved, comforted, and assisted the offender in order to hinder and prevent his apprehension and punishment. Namely, during the relevant time period, Nelson knew that Thomas R. Kelley had knowingly and willfully failed to appear for his August 23, 2010, sentencing hearing following Kelley's convictions for various federal offenses. Among other acts, in an effort to hinder and prevent his apprehension and punishment, Nelson provided Kelley with shelter, transported him, helped him store belongings, assisted him in repairing a vehicle, and was a courier of information to and from Kelley while Kelley was in hiding, all in violation of 18 U.S.C. §§ 3 and 3146(a)(1).

A TRUE BILL:

_____
Foreperson

BRENDAN V. JOHNSON
United States Attorney

By: _____