UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
JUN 0 1 2011
CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 11-40037 |
| Plaintiff, | |
| vs. | |
| THEODORE J. NELSON, JR., a/k/a "TED" NELSON, | ORDER (Motion for Bill of Particulars, Doc. 15) |
| Defendant. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending is Defendant's Motion for Bill of Particulars (Doc.15). The Government has submitted a brief in resistance (Doc. 19). The matter has been considered based on the parties' written submissions.

## BACKGROUND

Defendant is charged with harboring and concealing Thomas R. Kelley, for whom an arrest warrant had been issued following Kelley's convictions for various federal charges. Defendant is also charged with being an accessory after the fact to Kelley's failure to appear for sentencing. The Indictment alleges Defendant knew Mr. Kelley failed to appear for sentencing yet provided Mr. Kelley with shelter and transportation, stored Mr. Kelley's belongings, repaired Mr. Kelley's vehicle, and was an information courier for Mr. Kelley.

## DISCUSSION

Defendant's motion requests the Government to: (1) more particularly identify the areas in South Dakota that are construed to be "in the district"; (2) more particularly identify the areas in South Dakota that comply with the Defendant's interpretation of the area which the federal government has jurisdiction to prosecute the violations of criminal law; (3) identify the areas referred to by the phrase "and elsewhere" in the indictment; (4) elaborate on the meaning of the phrase "harbored and concealed" and explain how the government obtained the information to

support this claim and support how the federal government has jurisdiction to prosecute crimes in the locations where the alleged crimes occurred; (5) specify the provisions of the laws of the United States under which Defendant is being prosecuted and elaborate the meaning of the terms "United States" and "State"; (6) specify which acts of the Defendant prevented Mr. Kelley's discovery and arrest; (7) disclose the location where the alleged acts were done, and whether the locations were in an area where the federal government has jurisdiction to prosecute; and (8) disclose the written authority to prosecute this claim and United States Attorney Brendan Johnson and Assistant United States Attorney Kevin Koliner's Certificate of Authority to represent the United States of America as well as "written authority as Trustee over the estate."

Those portions of Defendant's motion which question the jurisdiction of the federal government to prosecute crimes except in very limited areas are refused.[1] These arguments have been rejected time and time again by this Court and others and merit no further discussion here.

Under Rule 7(f) of the Federal Rules of Criminal Procedure, it is within the sound discretion of the Court to determine whether a Bill of Particulars should be provided, and the Court should grant the motion if necessary to prevent unfair surprise at trial.[2] The Court must strike a "prudent balance" between the legitimate interest of the government and the Defendant.[3] A Bill of Particulars is not a discovery tool or a device for allowing the defense to preview the Government's theories or evidence.[4] A Bill of Particulars properly includes clarification of the Indictment, not the

---

[1] *U.S. v. Collins*, 920 F.2d 619, 629-630 (10th Cir. 1990) (internal citations omitted). An Eighth Circuit Court of Appeals decision is among those cited in *Collins*. *U.S. v. Drefke*, 707 F.2d 978 (8th Cir. 1983).

[2] *United States v. Maull*, 806 F.2d 1340, 1345 (8th Cir. 1986). *See also, United States v. Butler*, 822 F.2d 1191, 1193-94 (D.C.Cir.1987).

[3] *United States v. MacFarlane*, 759 F.Supp. 1163, 1169 (W.D.Pa.1991).

[4] *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990).

2

Government's proof of its case.[5] Likewise, acquisition of evidentiary detail in the form of the exact times of the acts alleged in the Indictment for purposes of establishing an alibi is not the function of a bill of particulars.[6]

The Indictment in this case contains the elements of the offenses charged, fairly informs the Defendant of the charges against him, and enables him to plead an acquittal or conviction in bar to further prosecution of the same offense.[7] The Defendant's Motion for a Bill of Particulars (Doc. 15) is DENIED.

Dated this __1__ day of June, 2011.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

---

[5]*United States v. Smith,* 341 F.Supp. 687, 690 (N.D.Ga.1972).

[6]*United States v. Long,* 449 F.2d 288, 294-95 (8th Cir. 1971).

[7]*Hamling v. United States,* 418 U.S. 87, 117 (1974); *United States v. Fleming,* 8 F.3d 1264, 1265 (8th Cir. 1993).

3