UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 11-40037 |
| Plaintiff, | * | |
| vs. | * | |
| THEODORE J. NELSON, JR., a/k/a "TED" NELSON, | * | ORDER (Various Pre-trial Motions, Docs. 43, 44, ) |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending are: Defendant's Motion re: Miscellaneous Discovery Matters (Doc. 43) and Motion for Organization/Evidence Files (Doc. 44) . The Government has filed a Response to Doc. 43 and has taken no position on Doc. 44. These matters have been considered based on the written submissions.

## BACKGROUND

Defendant is charged with harboring and concealing Thomas R. Kelley, for whom an arrest warrant had been issued following Kelley's convictions for various federal charges. Defendant is also charged with being an accessory after the fact to Kelley's failure to appear for sentencing. The Indictment alleges Defendant knew Mr. Kelley failed to appear for sentencing yet provided Mr. Kelley with shelter and transportation, stored Mr. Kelley's belongings, repaired Mr. Kelley's vehicle, and was an information courier for Mr. Kelley.

## DISCUSSION

**1.    Motion For Copies of Wire Tap Orders, For Additional Discovery Review, and to Interview Witnesses (Doc. 43)**

**Copies of Wire Tap Orders and to Monitor Email Address.** Mr. Nelson requests copies of "wire tap" orders for his telephones (numbers 605-248-2321 and 605-770-2341) and the order to monitor his email address (tnelson@santel.net). The Government indicates there are no "wire tap" orders, but the information regarding Nelson's telephone numbers which was obtained via grand jury subpoena has been provided in the discovery which Mr. Nelson has been allowed to review. The Government also indicates that emails obtained as a result of the search warrant which

was issued in *United States v. Kelley*, CR 4:10-cr 40100-LLP-1 to which Mr. Nelson was a party have also been provided in discovery. This portion of Nelson's motion is **DENIED** as moot.

**Additional Discovery Review.** Mr. Nelson has been allowed to review his discovery materials for twenty-two hours. *See* Doc. 30.[1] Mr. Nelson requests an additional 80 hours to review his discovery materials. During the status hearing, it was revealed that the discovery in this case consists of approximately 1,000 documents, or one and one half banker's boxes full of papers. Trial is currently scheduled for August 2nd. Mr. Nelson indicates he has not yet looked at the second box of materials. Mr. Nelson will be allowed an additional ten hours to review discovery to prepare for his upcoming trial. This portion of Mr. Nelson's motion is **GRANTED** in part.

**Place to Interview Witnesses**. Finally, Mr. Nelson indicates he needs a "time and place to interview [his] witnesses in person." The rules of criminal procedure do not provide for pre-trial depositions other than to preserve testimony of a witness in "exceptional" circumstances. Fed. R. Crim. P. 15. Counsel is free to interview any witness who is willing and able to appear for an interview. This same rule applies to Mr. Nelson**.** Mr. Nelson chose to proceed *pro se*. He is free to interview any witness he chooses, but the Court will not intervene to make the arrangements. This portion of Mr. Nelson's motion is **DENIED**.

2.     **Motion for Organization/Evidence File (Doc. 44)**

Mr. Nelson requests an Order requiring the Minnehaha County Jail to allow him to have file folders in his cell. Nelson asserts he needs pocket-type file folders with plastic tabs on the top to organize his legal documents in preparation for trial. Nelson has requested permission to possess the folders, but his requests have been denied because the type of folders Nelson wants are not permitted in the Minnehaha County Jail. *See* Doc. 44, p.2-3. The materials allowed in the cells at the Minnehaha County Jail is a matter of internal policy. "Federal Court review of state or federal prisoner's complaints arising out of the internal administration, conditions or discipline in the prison is narrowly circumscribed. Unless deprivations of constitutional dimension are involved, Federal

---

[1] The court ordered the Government to arrange for fifteen additional hours of access to the discovery materials after Mr. Nelson had already had seven daily one hour sessions of access at the jail. *See* minute entry for status conference held on June 17, 2011.

Courts should be loathe to interfere." *Moore v. Ciccone*, 459 F.2d 574, 576 (8th Cir. 1972). Mr. Nelson's inability to possess pocket folders with plastic tabs on the top is not a deprivation of constitutional dimension. The motion is **DENIED.**

### CONCLUSION and ORDER

For the reasons explained above, it is ORDERED:

(1) Defendant's Motion re: Miscellaneous Discovery Matters (Doc. 43) is GRANTED in part and DENIED in part as follows: the request for "wire tap" information and information about Nelson's email account is DENIED as moot; the request for additional discovery review is GRANTED in part; Nelson shall be allowed an additional ten (10) hours to review discovery materials; Nelson's request for Court intervention to arrange witness interviews is DENIED.

(2) Defendant's Motion for Organization/Evidence File (Doc. 44) is DENIED.

Dated this 21st day of July, 2011.

BY THE COURT:

_John Simko_
_____
John E. Simko
United States Magistrate Judge